Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.   Absent: CARDOZO, J.

----

LIZZIE OTTMAN, as Executrix of JACOB ALLTER, Deceased, Appellant, *v.* HERBERT D. ALLTER, Respondent.

*Executors· and administrators — decedent's estate — absolute ·gift by will of store property, including book accounts, bills receivable and notes — executrix may not maintain action on behalf of estate to recover for goods alleged to have been sold at store and delivered at least three years after testator's death.*

*Ottman* v. *Allter,* 212 App. Div. 80, affirmed.

(Argued January 19, 1926; decided February 24, 1926.)

APPEAL from a judgment, entered March 17, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint; also appeal from a judgment entered March 17, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department which reversed an order of Special Term denying a motion to vacate the judgment in favor of plaintiff and directed a dismissal of the complaint.   Plaintiff, as surviving executrix of the will of Jacob Allter, deceased, brought this action against defendant to recover for groceries and provisions alleged to have been sold and delivered to him by the estate of said deceased, and moneys loaned him by said estate between the years 1907 and 1923.   Testator died in 1904 and by his will gave his entire store property, real and personal, including book accounts, bills receivable and notes, one-half to his brother and the other half to his daughter and son.   The Appellate Division held that the executors of the will of Jacob Allter had no interest in the store property and business after the debts and obligations of Jacob Allter were paid.   The profits from the grocery business did not belong to the estate nor were the debts of that business debts of the estate.

*Charles E. Hardies* and *William J. Crangle* for appellant.
*Edward R. Hall* for respondent.

Judgment affirmed, with costs; appeal from order dismissed, with costs; no opinion.

Concur: HISCOCK, Ch. J.; POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

In the Matter of the Accounting of HARRIET L. BARDIN, as Executrix of JAMES H. BARDIN, Deceased.

MABEL A. STONE, Appellant; HARRIET L. BARDIN, as Executrix, Respondent.

*Decedent's estate — contract — claim for services rendered testator on alleged promise to leave claimant his property — allowed for value of services performed within six years of death.*

*Matter of Bardin*, 213 App. Div. 843, affirmed.

(Argued January 19, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 11, 1925, modifying and affirming as modified a decree of the Washington County Surrogate's Court which allowed a claim against the estate of James H. Bardin, deceased, for services alleged to have been rendered decedent in his lifetime, " for which said deceased promised to pay by leaving to claimant by will his property." The Appellate Division held that the only agreement made by testator was that he would will his property to claimant on condition that she remained with him; that in the year 1911 she married and left his home and did not remain with him; that he did not fail to keep his agreement; that within six years prior to his death claimant performed services for eighty weeks, the reasonable value of which was $240.

*Erskine C. Rogers* and *W. E. Young* for appellant.
*Walter A. Chambers* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.